2018R01130/AK/PAL/ms

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Christine P. O'Hearn, U.S.D.J. |
| v. | : | |
| | | Crim. No. 22-702 (CPO) |
| ANNA KLINE, | : | |
| | | CONSENT JUDGMENT |
| Defendant. | : | AND ORDER OF FORFEITURE (MONEY JUDGMENT) AND PRELIMINARY ORDER OF FORFEITURE AS TO SPECIFIC PROPERTY (FINAL AS TO THE DEFENDANT) |

WHEREAS, on or about November 26, 2024, defendant Anna Kline pleaded guilty pursuant to a plea agreement with the United States to Counts One and Two of the Indictment, which charged her in each of those counts with wire fraud, in violation of 18 U.S.C. § 1343. In the plea agreement, the defendant agreed to forfeit, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), all property, real or personal, which constitutes or is derived from proceeds obtained that are traceable to the offenses charged in Counts One and Two of the Indictment;

WHEREAS, in the plea agreement, the defendant consented to the imposition of a criminal forfeiture money judgment in the amount of $3,365,000, and stipulated that such amount represents the property which constitutes or was derived from proceeds obtained that are traceable to the

offenses charged in Counts One and Two of the Indictment, (the "Money Judgment");

WHEREAS, the defendant further agreed to forfeit all of the defendant's right, title and interest in the property listed on the attached Schedule A (the "Specific Property"), which the defendant admits has the requisite nexus to the offenses charged in Counts One and Two of the Indictment, with any forfeited money and the net proceeds derived from the sale of forfeited specific property to be applied to the Money Judgment, in partial satisfaction thereof;

WHEREAS, Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment;

WHEREAS, the provisions of 21 U.S.C. § 853(n) (as incorporated by 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)) require publication and notice to third parties known to have alleged an interest in forfeited specific property and the disposition of any petitions filed under 21 U.S.C. § 853(n) before the United States may have clear title to such property;

WHEREAS, in the plea agreement, the defendant further waived the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment; acknowledged she understood that the imposition of the Money Judgment is part of the sentence that may be imposed in this case; waived any failure by the court to advise her of this pursuant to Rule 11(b)(1)(J)

of the Federal Rules of Criminal Procedure at the guilty plea proceeding; and waived any and all claims that the forfeiture constitutes an excessive fine and agreed that the forfeiture does not violate the Eighth Amendment.

WHEREAS, considering the plea agreement, the record as a whole, and the applicable law, it is hereby ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

## *Money Judgment*

1. Any property, real or personal, which constitutes or is derived from proceeds obtained that are traceable to the offenses charged in Counts One and Two of the Indictment to which the defendant has pleaded guilty is forfeited pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2. The United States is entitled to forfeit proceeds and/or substitute assets equal to the value of the proceeds obtained by the defendant, which was $3,365,000 (the "Money Judgment"). A Money Judgment in the amount of $3,365,000 is hereby entered against the defendant, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), and 21 U.S.C. § 853(p), and Federal Rule of Criminal Procedure 32.2(b).

3. All payments on the Money Judgment shall be made by (i) electronic funds transfer, as directed by the United States Attorney's Office; or (ii) postal money order, bank or certified check, made payable, in this instance to the United States Marshal's Service, and delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Asset Forfeiture and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey

07102, and shall indicate the defendant's name and case number on the face of the check.

4. Until the defendant is sentenced, the United States Marshals Service shall deposit all payments on the Money Judgment in its Seized Assets Deposit Account. After the defendant is sentenced and the Judgment is entered on the docket, all payments on the Money Judgment shall be forfeited to the United States of America and deposited in the Assets Forfeiture Fund.

5. When the Money Judgment is fully satisfied, the United States shall file a Satisfaction of the Money Judgment.

6. Pursuant to Federal Rule of Criminal Procedure 32.2(b)(3) and 21 U.S.C. § 853(n), upon entry of this Order, and until this the Money Judgment is fully satisfied, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of substitute assets to satisfy this Money Judgment, or in connection with any petitions filed with regard to substitute assets, including depositions, interrogatories, requests for production of documents, and the issuance of subpoenas.

### *Specific Property*

7. As a further result of the defendant's conviction of the wire fraud offenses charged in Counts One and Two of the Indictment, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) and Fed. R. Crim. P. 32.2(b)(1) and (b)(2), and based upon the plea agreement, all of the defendant's right, title and interest in the property listed on the attached Schedule A is hereby

forfeited to the United States of America for disposition according to law, subject to the provisions of 21 U.S.C. § 853.

8. Any forfeited money and the net proceeds derived from the sale of forfeited property will be applied to the Money Judgment until the Money Judgment is satisfied in full.

9. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order of Forfeiture shall be final against the defendant, shall be made part of the sentence of the defendant, and shall be included in the judgment of conviction therewith.

10. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Marshals Service, its agent or designee shall maintain or take possession of the Specific Property and hold such property in its secure custody and control.

11. Pursuant to 21 U.S.C. § 853(n)(1) and Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, the United States shall publish notice of this Order for at least 30 consecutive days on the government internet site www.forfeiture.gov. The United States shall also send notice of this Order to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

12. Pursuant to Fed R. Crim. P. 32.2(b)(6) and 21 U.S.C. § 853(n)(2) and (n)(3), the notice of forfeiture must describe the forfeited property with reasonable particularity, state the times by which a petition contesting the forfeiture must be filed, and state the name and contact information for the

government attorney to be served with the petition. The notice shall also state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought.

13. Any person, other than the defendant, claiming interest in the Specific Property must file a petition within 60 days from the first day of publication of notice on the government internet site, or no later than 35 days from the mailing of direct notice, whichever is earlier, pursuant to Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure and Rule G(4) and G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

14. Upon adjudication of all third party interests, the Court will enter a final order of forfeiture pursuant to 21 U.S.C. § 853(n)(7) and Fed. R. Crim. P. 32.2(c)(2), in which all interests will be addressed.

15. This Order shall be deemed part of the sentence of the defendant, and shall be included in the judgment of conviction therewith.

16. The Clerk of the Court is directed to enter a money judgment against the defendant in favor of the United States upon determination of the amount of the Money Judgment.

17. This Court shall retain jurisdiction to enforce this Order and to amend it as necessary.

ORDERED this 6 day of June, 2025.

_____
Hon. Christine P. O'Hearn, U.S.D.J.

The undersigned hereby consent to the form and entry of this Order:

Alina Habba
United States Attorney

_____  Dated: 6/6/25
By: Andrew Kogan
Assistant United States Attorney

_____  Dated: 6-3-25
Michael Huff, Esq.
Attorney for Defendant Anna Kline

_____  Dated: 6-0-25
Anna Kline, Defendant

-7-

## Schedule A

1. $20,181.81 in United States Currency, held in Bank of the West Account #057-066474, seized on or about July 31, 2019;

2. $8,776.02 in United States Currency, held in Bank of the West Account #057- 066482, seized on or about July 31, 2019;

3. $35,000 in United States Currency seized on or about August 2, 2019 from British Motor Car Distributors representing a down payment for a 2019 Lamborghini LP700 Aventa, VIN# ZHWUM 6ZD7KLA08607;

4. 2018 Mercedes Benz AMG E63S, VIN# WDDZH 8KB5JA391922, seized on or about July 31, 2019;

5. 2018 Ducati Hypermotard 939, VIN# ZDM1YBJS6JB013600, seized on or about July 31, 2019;

6. 2017 Ducati 1299-Panigale Superleggera, V1N# ZDMHAAJW2H B000028, seized on or about July 31, 2019;

7. 2018 Sea-Doo RXT-X300, VIN# CA-YDV09776B818, seized on or about July 31, 2019;

8. 2018 Sea-Doo RXT-X300, VIN# CA-YDV12029C818, seized on or about July 31, 2019;

9. 2019 Lamborghini Urus, VIN# ZPBUA1ZL3K LA01980, seized on or about August 2, 2019;

10. 2018 Mercedes Benz GLS 63W4, VIN# 4JGDF7FE0JB081384, seized on or about August 2, 2019;

11. 2018 Tesla Model X, VIN# 5YJXCBE47J F142958, seized on or about July 31, 2019;

12. 2017 Can-Am Maverick, VIN# 3JBVNAW29HK000849, seized on or about July 31, 2019;

13. 2018 Ford F-150 Raptor, VIN# 1FTFW1RG9JFB64179, seized on or about July 31, 2019;

14. 2018 GMC Yukon XL, VIN# 1GKS2HKJ3JR275578, seized on or about July 31, 2019;

15. 2018 BMW HP4 Race, VIN# WB10E3305JZG32617, seized on or about July 31, 2019;

16. Artwork titled "Love Circle Love" seized on or about July 31, 2019 from 721 Modesto Avenue, South Lake Tahoe, California 96150;

17. Artwork titled "Speed of Love," seized on or about July 31, 2019 from Spring Mountain Motorsports Ranch, 3601 NV-160, Pahrump, NV 89048;

18. Artwork titled "Race Car," seized on or about July 31, 2019 from Spring Mountain Motorsports Ranch, 3601 NV-160, Pahrump, NV 89048; and

19. Artwork titled "Happy Memories Blue" seized on or about July 31, 2019 from Spring Mountain Motorsports Ranch, 3601 NV-160, Pahrump, NV 89048.